IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TERRY COPES, | § | |
| | § | No. 295, 2018 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 1602004997 (S) |
| STATE OF DELAWARE, | § | 1605019609 (S) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 4, 2018
Decided: December 21, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## ORDER

(1) Terry Copes filed this appeal from a sentence imposed on May 25, 2018 for his third violation of probation. The State has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Copes' opening brief that the appeal is without merit. We agree and affirm.

(2) On June 22, 2016, following Copes' guilty plea to assault second degree and noncompliance with bond, the Superior Court sentenced Copes to ten years of Level V incarceration suspended for two years of concurrent Level III probation. Copes was found guilty of violation of probation ("VOP") in August 2016 and November 2017. For the first VOP, Copes was sentenced, on August 25, 2016, to ten years of Level V incarceration suspended for one year of Level IV residential

substance abuse treatment suspended, upon successful completion, for two years of concurrent Level III aftercare. For the second VOP, Copes was sentenced, on November 9, 2017, to nine years of Level V incarceration suspended for two years of concurrent Level III probation.

(3) Copes was found guilty of his third VOP on May 25, 2018. At the VOP hearing, Copes admitted that he had violated probation by missing three appointments with his probation officer. Copes explained that he had attempted to have his probation transferred to Maryland where he lives, but that Maryland refused to accept it, and that he missed the probation appointments because his car was in the shop and he had no transportation. Copes' defense counsel asked the Superior Court to consider, as a mitigating factor, that Copes was working "over 40 hours a week" at a hatchery in Hurlock, Maryland.[1] Also, Copes asked the Superior Court to consider that his probation officer had told him that she would recommend a sentence of time-served. The probation officer who appeared at the VOP hearing asked the court to impose "some time at the VOP Center" and then to discharge Copes as unimproved from the sentence.[2] The Superior Court sentenced Copes to nine years of Level V incarceration suspended after six months at the Level IV VOP Center followed by Copes' discharge from the sentence.

---

[1] Hr'g Tr. at 2 (May 25, 2018).
[2] *Id.* at 5.

2

(4)     On appeal, Copes complains that he was sentenced unfairly to six months at the VOP Center.  Copes contends that the sentence was unduly harsh considering the nature of his violation, and that the sentencing judge had imposed more lenient sentences on probationers who had committed more serious violations.  Copes' claims are without merit.

(5)     When imposing a sentence for a VOP, the Superior Court is authorized to re-impose any previously suspended prison term.[3]  A sentence within statutory limits will not be disturbed on appeal unless the appellant can establish that the sentencing judge relied on impermissible factors or exhibited a closed mind.[4]

(6)     In this case, the sentencing judge listened to defense counsel's presentation and Copes' remarks in mitigation of the admitted VOP and to the probation officer's recommendation of sentence.  The transcript does not reflect that the sentencing judge relied on impermissible factors or had a closed mind when imposing the sentence.  Moreover, the sentence was well within statutory limits.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[3] 11 *Del. C.* § 4334(c) (Supp. 2018).
[4] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

3